IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| MICHAEL A. WILLIAMS, | : |
| Petitioner, | : Case No. 3:07-cv-394 |
| v. | : Judge Walter H. Rice |
| MICHAEL SHEETS, Warden, Ross Correctional Institution, | : |
| Respondent. | : |

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. # 19) IN THEIR ENTIRETY AND OVERRULING PETITIONER'S OBJECTIONS THERETO (DOC. # 21); JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER, DENYING PETITION FOR WRIT OF HABEAS CORPUS ON ITS MERITS; LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED; CERTIFICATE OF APPEALABILITY DENIED; TERMINATION ENTRY

This matter is currently before the Court on Petitioner's Objections (Doc. #21) to the Magistrate Judge's February 2, 2011 Report and Recommendations (Doc. #19). Based on the reasoning and citations of authority set forth in the Report and Recommendations, as well as on a thorough *de novo* review of this Court's file and the applicable law, Petitioner's objections are overruled and the Report and Recommendations are adopted in their entirety. The Petition for a Writ of Habeas Corpus is denied on the merits and this case dismissed.

Petitioner objects to the Report and Recommendation with respect to four of his five asserted grounds for relief: (1) ineffective assistance of appellate counsel; (2) a *Batson* challenge; (3) insufficiency of the evidence; and (4) a *Blakely* challenge to the sentence imposed.

Petitioner has argued that he was denied effective assistance of appellate counsel because his attorney failed to challenge trial counsel's failure to request the trial court "to determine whether Petitioner's Weapons Under Disability charge should be tried by a judge instead by a jury." Mem. in Supp. of Pet. at 17. He alleges that "[i]n a jury trial a defendant can request the court to determine at the sentencing hearing the existence of the specification involving prior offenses. This procedure removes references to this prior conviction before the jury, should the defendant elect not to testify." *Id.* at 18. He maintains that trial counsel's performance was clearly deficient because "had the trial court been requested, prior to trial, to determine the Weapons Under Disability charge after the jury trial had concluded, then petitione [sic] would not have been forced to testify, and the prior convictions would not have been known to the jury." *Id.*

The Magistrate Judge found that even if appellate counsel had raised this issue, it would have been rejected. Citing *State v. Twyford*, 94 Ohio St.3d 340 (2002), she noted that Ohio courts routinely admit evidence of prior felony convictions to prove the "under a disability" element of the crime of Possession of a Weapon While Under a Disability. Report & Recommendation at 18. She further noted that trial courts are not required to accept stipulations of prior convictions. *See State v. Smith*, Montgomery App. No. 18654, 2001 WL 896778, at *5 (Ohio Ct. App. 2001).

Notably, Petitioner does not argue that trial counsel erred in failing to stipulate to Petitioner's prior conviction for aggravated drug trafficking, thus keeping specific evidence of same from the jury, pursuant to *Old Chief v. United States*, 519 U.S. 172 (1997). In fact, he concedes that the Magistrate Judge correctly found that proof of a prior felony conviction is admissible to prove an essential element of Possession of a Weapon While Under a Disability.

-2-

Petitioner nevertheless argues that the Magistrate Judge erred in finding that the trial court would not have been required to accept a stipulation of a prior conviction had one been offered. In support of this argument, Petitioner inexplicably cites to Ohio Rule of Criminal Procedure 23(A), noting that he could have waived his right to a jury trial and had the judge try the charge of Possession of a Weapon While Under a Disability. Although not entirely clear, this argument appears to be loosely connected to his claim that "[i]n a jury trial a defendant can request the court to determine at the sentencing hearing the existence of the specification involving prior offenses."

Petitioner's claim and his objection are based on a misunderstanding of the applicable law. Ohio Revised Code § 2929.022(A), which applies only to charges of aggravated murder, provides that if the indictment contains a specification of the aggravating circumstance of a prior conviction for murder or attempted murder, the defendant may elect to have the trial judge determine the existence of that aggravating circumstance at the sentencing hearing.

For two reasons, this statute does not apply to Petitioner. First, he was not charged with aggravated murder. Second, the prior conviction at issue is an essential element of the crime with which he was charged, Possession of a Weapon While Under a Disability. It was not simply a penalty-enhancing specification. As the court explained in *Twyford*, this is an important distinction. When the prior conviction is an essential element of the offense, the defendant cannot elect to have the judge make that determination at the sentencing hearing. *See Twyford*, 94 Ohio St.3d at 359-60. Therefore, to the extent that Petitioner's argument is based on trial counsel's failure to request that this particular procedure be used, the Court agrees with the Magistrate Judge that even if raised by appellate counsel, this claim would have been rejected. For this reason, Petitioner cannot satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner's

objection in connection with this claim is therefore overruled.[1]

Petitioner also objects to the Magistrate Judge's assessment of his *Batson* challenge, which was based on the prosecutor's use of a peremptory challenge to strike William Ward, the one remaining African-American juror. The Magistrate Judge found that the state court's decision was not an unreasonable application of *Batson v. Kentucky*, 476 U.S. 79 (1986). She noted that the prosecution provided several race-neutral reasons for excluding Ward from the jury. When asked whether any of the prospective jurors had family members who had been convicted, Ward did not respond and would not make eye contact with the prosecutor. Only after being asked directly did Ward admit that his cousin had been convicted of a crime. The prosecution exercised peremptory challenges to remove Ward and Angela Miller, a non-African-American juror who also had a family member with a criminal conviction. The prosecutor explained that he feared that Ward and Miller would be "too sympathetic" to the defendant.

Petitioner asks the Court "to observe beyond the prosecutor's race-neutral reasons excluding juror Ward." Petitioner notes that Ward and Miller both indicated that they could be fair and impartial jurors even though they had relatives who had been convicted of crimes. Petitioner alleges that the prosecutor excused Miller in an attempt to mask his true discriminatory reasons for excusing Ward.

In *United States v. Torres-Ramos*, 536 F.3d 542 (6th Cir. 2008), the Sixth Circuit found that the district court, when confronted with a *Batson* challenge, erred in comparing a black juror who

---

[1] Petitioner also argues that his trial counsel should have done more to attack the veracity of Detective Burke's testimony that Petitioner had admitted to shooting at the Prego brothers. Because this issue was not included within the scope of the ineffective assistance of counsel claim set forth in the habeas petition and was not discussed in the Report and Recommendations, the Court need not consider it at this juncture.

-4-

was struck from the jury to white jurors who were also struck from the jury. The court stated that, in determining whether there was disparate treatment, the court should have instead compared the excluded black juror to white jurors who were not excluded from the jury. *Id.* at 560.

In Petitioner's case, he has not pointed to any white jurors who were allowed to serve on the jury even though they had relatives who had been convicted of crimes. Nor has he pointed to any white jurors who were allowed to serve on the jury even though they evaded the prosecutor's question on this topic and failed to make eye contact with the prosecutor. There is simply no evidence of disparate treatment.

Moreover, the Magistrate Judge correctly noted that the state trial courts are entitled to "great deference" in judging the credibility of the prosecutor and the jurors with respect to *Batson* challenges. *See Braxton v. Gansheimer*, 561 F.3d 453, 462 (6th Cir. 2009). Here, after the prosecutor offered several race-neutral reasons for excluding Ward from the jury, the state court rejected Petitioner's claim of racial discrimination. The Court agrees with the Magistrate Judge that the state court's application of *Batson* was not unreasonable. Petitioner's objection on this ground is therefore overruled.

Next, Petitioner again makes a "sufficiency of the evidence" argument, noting that the evidence at trial was contradictory and inconsistent. The Magistrate Judge found that although the evidence may have been contradictory in some respects, Petitioner had not shown that it was insufficient to support his conviction. Petitioner fails to identify any specific errors made by the Magistrate Judge. He simply rehashes the same arguments already considered in the Report and Recommendation. In reviewing the Report and Recommendation, the Court finds no substantive errors that would call into question the Magistrate Judge's conclusions regarding this claim for

relief. Petitioner's objection with respect to his "sufficiency of the evidence" claim is therefore also overruled.

Finally, Petitioner argues in his counter-objection that his sentence was contrary to the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), in which the Court held that judicial fact-finding that increased the defendant's sentence above the statutory maximum violated the defendant's Sixth Amendment right to a jury trial. The Ohio Supreme Court, in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, subsequently excised portions of Ohio's sentencing statutes. *Foster*, however, applies retroactively only to cases pending on direct review, *id.* at ¶ 106, making it inapplicable to Petitioner's federal habeas claims.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, the petitioner is denied a certificate of appealability. Further, because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner, denying the requested writ on its merits.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: 3-21-11

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Michael A. Williams, Pro Se
Gene D. Park, Esq.
Stephanie L. Watson, Esq.
Diane Duemmel Mallory, Esq.

Magistrate Judge Sharon L. Ovington